8 F.3d 818
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barry Stephen HART, Plaintiff-Appellant,
v.
Dr. HENSHAW; Unnamed Agents; Dr. Hershey, Defendants-Appellees.
 No. 92-6341.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 19, 1993.
Decided: October 26, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 Barry Stephen Hart, Appellant Pro Se.
 E.D.Va.
 REVERSED AND REMANDED.
 Before HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Barry Hart appeals from an order of the magistrate judge dismissing without prejudice his action brought pursuant to 42 U.S.C. § 1983 (1988), alleging that prison officials were deliberately indifferent to his medical needs. Hart's complaint contained a supporting brief and sworn statement stating that Hart could not pay for litigation costs because he had no funds, and had an income of only $5.00 a month. The magistrate judge did not address Hart's request for in forma pauperis status, but rather issued an order on March 9, 1992, directing Hart to provide copies of his brief for service upon the Defendants within eleven days, or provide the funds necessary for the court to make the copies.
 
 
 2
 Hart responded to the court order on March 13, 1992, stating that he did not have a copy of the brief, as his brief had been written over a period of several months from a compilation of notes written on napkins, envelopes, backs of forms, and other papers. He stated that he could not afford to pay duplication costs, and requested that the brief be returned to him so that he could attempt to photocopy or draft by hand the additional copies. Alternatively, because he felt he had "no other choice," he asked that the court dismiss his action without prejudice. The court issued an order on March 23, 1992, finding that since Hart could not comply with the court's requests, it would grant Hart's request to dismiss the action.
 
 
 3
 Under 28 U.S.C. § 1915(c)(1989), officers of the court must issue and serve all process if a plaintiff is found to be indigent under the criteria of § 1915(a). See Young v. Quinlan, 960 F.2d 351 (3d Cir. 1992); Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). The district court did not address Hart's indigency status. Had it found Hart entitled to in forma pauperis status, dismissal would have been inappropriate as service would have been accomplished at government expense.
 
 
 4
 We therefore grant leave to proceed on appeal in forma pauperis and reverse the magistrate judge's order dismissing Hart's action and remand for further consideration, beginning, necessarily, with a determination regarding Hart's in forma pauperis status. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REVERSED AND REMANDED